FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 03 2014

D. MARK JONES, CLERK
BY_____
      DEPUTY CLERK

Thomas M. Burton (USB 00518)(CSB035856)
P.O. Box 1619
Salt Lake City, Utah 84110
(801) 918-1656
thomasburtonlaw@aol.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TYLER WEBER; TRACY SARNO; JANET YELDING; and JANAYE KEARNS<br><br>Plaintiffs,<br>vs.<br><br>DIAMOND RANCH ACADEMY a Utah Corporation; and DOES I through X, inclusive,<br>Defendants<br>_____/ | Case No.<br><br>COMPLAINT FOR PERSONAL INJURY; FALSE IMPRISONMENT; CHILD ABUSE; FRAUDULENT MISREPRESENTATION; ACTUAL AND CONSTRUCTIVE FRAUD<br><br>JURY DEMANDED<br><br>Case: 2:14cv00884<br>Assigned To : Pead, Dustin B.<br>Assign. Date : 12/3/2014<br>Description: Weber et al v. Diamond Ranch Academy |

Come now the plaintiffs, Tyler Weber, Tracy Sarno, Janet Yelding, and Janaye

Kearns, who allege as follows:

1

## NATURE OF THE CASE

1. This case charges Diamond Ranch Academy with fraudulently pretending to be a residential treatment center consonant with its state license, but in reality being a private prison administering harsh and illegal abuse upon Tyler Weber and Janaye Kearns, who were locked up against their will and without their consent due to their naive parents' believing Defendants' lies promising a supportive, safe, healthy, camp-like setting with regular and productive therapy/counseling and an emphasis on education and 'getting back on the right track' for a healthy, drug-free, happy, successful future.

2. Diamond Ranch Academy markets itself as a boarding school, academy, and therapeutic treatment center, and designed to straighten out troubled, truant or failing teenage youth, and through a positive, supportive program, helping them to gain confidence in themselves, and, to want a healthy and happy life for themselves. Its failure to do so is endemic and epidemic. Instead, it leaves a trail of posttraumatic stress, nightmares, and damaged, destroyed families. Diamond Ranch Academy's extravagant fees fraudulently suggest great expertise and cloak its staff's minimal credentials and multiple mistakes.

3. Plaintiffs were sold on Diamond Ranch Academy by its vaunted prospective services that were not provided. The parents of Tyler Weber and Janaye Kearns were not told of the tactics Diamond Ranch Academy uses in its program. Diamond Ranch Academy presented a false facade of a summer camp with the added component of therapy and assistance to help Tyler and Janaye navigate back to a productive life, all in a positive manner, along with gaining school credits so that they would graduate on schedule.

4. Tyler Weber and Janaye Kearns were thrust into Diamond Ranch Academy without the slightest understanding of what they were getting into, and had no choice in the matter. These teen-agers represented part of a string of damaged teenagers that it boasted of helping, accompanied by some unjustified theory that tough love was just the treatment they needed. At Diamond Ranch Academy, there was no forum for complaint, explanation, appeal, or grievance against the placement, before, during, or after it occurred. The only option available to the hapless youth there confined was to "fake it in order to make it", for Diamond Ranch Academy is a lock down, closely guarded private prison, where punishments are harsh for

any rule infraction, real or instigated by the Diamond Ranch Academy staff for their amusement.

5. Once confined, no contact with the outside world was allowed and Tyler and Janaye knew that any disparaging remark or complaint about Diamond Ranch Academy Academy would be punished by isolation and losing all privileges earned, meaning making them start at the bottom in and rise from level to level by successfully completing mindless tasks of blind obedience enforced by cruel punishment.

## JURISDICTION AND VENUE

6. This court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, §§ 1331, diversity of citizenship.

## PARTIES

7. Tyler Weber is a citizen of the State of Michigan.
8. Janaye Kearns is a citizen of Colorado.
9. Tracy Sarno and Janet Yelding are citizens of the State of Michigan.
10. Diamond Ranch Academy Academy is a Utah licensed residential

treatment center and is a citizen of the State of Utah.

11. Doe defendants I through X are persons presently unknown regarding their activity leading to this lawsuit and responsibility for failing to secure Tyler Weber and Janaye Kearns' health, safety, and welfare against the repeated injury that occurred at Diamond Ranch Academy. They will be added to the complaint when their identity or responsibility is ascertained. In all things herein alleged and at all times material, all defendants were acting as agents of, or joint venturers with, the other defendants.

## FACTS

12. Tyler and Janaye were separately locked up in an inadequate, unsafe facility, with a number of other young men and women whose truancies, addictions, criminal records, and violence quotients were unknown to this boy and girl or their parents. Diamond Ranch Academy Academy is a locked, secure compound whose conditions are deplorable, unsafe, and unsanitary. Its purpose was to torment Tyler and Janaye into becoming mindless, robotic, and docile subjects for no valued psychological or educational purpose except to profit Diamond Ranch Academy Academy.

13. They were forced to labor in 100-degree weather without protection and insufficient water, and inadequate protective clothing depending on the season.

14. They were also forced to go without shoes and sufficient clothing in winter.

15. They were, without justification except the amusement or demonstration of staff power over them, forced not to speak for days on end to anyone else in the compound.

16. Multiple times they were ordered to dig deep holes, and then ordered, for no apparent reason to refill the hole with the dirt extracted.

17. They were kept awake until midnight and then required to get up at 4:30 a.m. on a regular basis in order to be deprived of needed sleep.

18. The were often tackled and "taken down" and sat upon by staff for punishment for some perceived slight.

19. They were often punished by being forced to sit facing a wall for lengthy period of time for any reason or no reason, during which no communication was allowed.

20. Staff treated Tyler and Janaye harshly with threats of punishment for doing anything wrong, which was meant not obeying each and every command given them immediately and to the hilt.

21. When staff determined that a boy needed to be restrained, he was slammed against a wall with great force and threatened with worse.

22. The staff sadistically and verbally beat down everyone, and the bullying was excessive. Groups of captives were pitted against other groups for the amusement of staff. Although some staff members were more kind and helpful and willing to become friendly, they never mustered the courage to correct the sadistic staff members who enjoyed wielding the power over Mark and Devin, along with all of the others.

23. Evaluations were not fair, but aimed at keeping the students longer in the program so as to keep cash flowing into Diamond Ranch Academy.

24. Anyone disparaging the program would be severely punished by being demoted to the Blue Group, which prospect was frightening.

25. The educational curriculum was childish, leaving each youth to fend for himself or herself to get anything out of it. The young plaintiffs learned nothing from their experience except that their parents had been deceived and had wasted their money. Any improvement in the young plaintiffs' behavior they attribute just to having grown up, and that they would have done better without all the negativity, manipulation, sadistic punishment, unjust treatment, surly language and hostile environment they had had to put up with.

26. Diamond Ranch Academy Academy's rational for its bad behavior was to harden the young men for life, which, after all, is not fair.

27. All too often the kid Janaye saw at Diamond Ranch Academy who complained of health problems were ignored, refused treatment and even punished for "manipulating". She has seen pathologists

excuse deaths in programs before, and suspects there is more to the death that occurred while she was there.

28. Survivors of Diamond Ranch Academy will describe punishments that include grueling outside work projects in which students are forced to push a cart around a field for hours on end with no breaks, no food and no water. Failure to complete these punishments often resulted in children being tackled and restrained. Treating a child even without any health issues with such force and violence has potential to cause elevated levels of anxiety, injury and even death.

29. Janaye was raped by three men who picked her up as she was walking home from school at age 15. The crime was never pursued and was basically dropped by the police with no effort really made. There was not really any follow up psychologically for this traumatic event. Janaye did not even have a rape kit examination, so there would be no proof even though the perpetrators were in the system as well they might be.

30. The earlier rape is what caused her much difficulty at DRA, because people sometimes held her down, and they were male, triggering the rape. There were really no competent health people at DRA, and she could not ever really get the help that she needed.

31. This and other stressors at Diamond Ranch Academy finally drove her to attempt suicide but the curtain rod broke. A 911 call brought the police, requiring that she be hospitalized for observation, but staff at Diamond Ranch Academy talked them out of it on the basis that the ambulance would have to be gilled to her parents, thus increasing an already expensive investment (and., of course, to keep the attempt a secret)). Diamond Ranch Academy told the police that they would take her privately to a hospital which, of course, they never did; again, there was no follow up, and her being overwrought was treated punitively by checking every half hour on her in bed when she was wearing only a sports bra and panties, and when she acted out, by holding her down and treating her punitively for making the suicide attempt, and of course risking the school's reputation.

32. No teacher at Diamond Ranch Academy locked up the boy and girl was certified. She failed two home visits and so had to return to DRA where she spent almost a year, again under great stress.

**CLAIM ONE**

(False Imprisonment)

33.   Diamond Ranch Academy, for no legitimate purpose, and solely for

Defendants' profit and benefit, confined the minor plaintiffs at their property. They had not been adjudicated of any crime. They could not leave the facility, but were guarded all the time.

34. They could not do what they wanted, but only what they were told to do.

35. In addition, they had to live in unsanitary conditions with dirty bedclothes. Tyler was threatened that he better sleep on his back to prevent sexual assault.

36. Defendants falsely imprisoned these youths:

    a. By separating them from their parents.

    b. By not permitting them to leave.

    c. By refusing to consider their views in matters affecting their welfare.

    d. By not allowing them freedom of expression and by arbitrarily interfering with their privacy.

    e. By subjecting them to forms of physical and mental violence, injury and abuse, neglect or negligent treatment, and maltreatment.

    f. By failing to identify, report, investigate, and follow up on

Diamond Ranch Academy's maltreatment.

g. By failing to provide adequate and special assistance to the boys regarding their emotional disabilities due to Diamond Ranch Academy's perverse treatment that was perpetrated by other and various forms of abusive maltreatment.

h. By failing to provide the highest attainable standards of health and facilities for their treatment and rehabilitation.

i. By failing to ensure provisions for their necessary medical assistance and health care.

j. By failing to provide nutritious food.

k. By failing to assure periodic reviews of what was happening to them.

l. By failing to recognize their right to an education deprived by Diamond Ranch Academy.

m. By failing to assure that the education at Diamond Ranch Academy conformed to the minimum standards laid down by the State of Utah.

n. By failing to recognize their right to rest and leisure, to engage in

play and recreational activities appropriate to their age, and to participate freely in cultural life, which, as captives, they could not do.

    o. By requiring them to work at mindless chores that interfered with their education or were harmful to their physical health and mental, spiritual, moral, and social development.

    p. By subjecting them to torture or other cruel, inhumane, or degrading treatment or punishment.

    q. By unlawfully and arbitrarily depriving them of their liberty.

    r. By depriving them of the right to maintain honest contact with their family.

    s. By failing to create an environment, which fostered their health, self-respect and dignity.

    t. By failing to take appropriate measures to promote their physical and psychological recovery and social re-integration.

    u. By directly and indirectly compelling them to confess guilt, even to things they had not done, in order to satisfy their captors' demands and escape their taunting.

    v. By failing to respect their privacy at all stages of their

confinement.

24. Defendants perpetrated a breach of their duty toward Tyler and Janaye intentionally causing them mental and emotional distress.

25. The Defendants are jointly and individually liable for the neglect described.

WHEREFORE, Plaintiffs are entitled to judgment according to proof:

## CLAIM TWO

### (Personal Injury)

26. Plaintiffs incorporate by reference all previous allegations above stated.

27. In addition to allegations of neglect, as described hereafter, Diamond Ranch Academy Academy's staff, acted in breach of their duty to provide a safe, nurturing, fair, clean, competent, facility and staff to help Tyler and Janaye, whose parents thought that they were choosing a summer camp setting where the youth could relax, play sports with others, and be supported with professional counseling on a regular basis to help them renew and recenter their lives.

28. Diamond Ranch Academy's tactics and conduct injured these young people emotionally and physically such that the effects thereof continue to plague them

to this day.

WHEREFORE, Plaintiffs pray for judgment as hereafter stated.

## CLAIM THREE

### (Child Abuse and Neglect)

29. Plaintiffs incorporate herein all prior paragraphs and state:

30. "It is the.. the public policy of this state that children have the right to protection from abuse and neglect, and that the state retains a compelling interest in investigating, prosecuting, and punishing abuse and neglect, as defined in this chapter", 62A-4a-201, Utah Human Services Code. Because of its complete control over Tyler and Janaye, Diamond Ranch Academy owed them the highest duty of trust and confidence and was required to act in their best interest. Instead, Diamond Ranch Academy's conduct toward Tyler and Janaye, who were minors, constituted abuse and neglect in violation of the public policy of the State of Utah.

31. Plaintiffs have the right to force Diamond Ranch Academy Academy to pay them and their parents compensation for the abuse and neglect

Diamond Ranch Academy inflicted upon them as described above.

WHEREFORE, Plaintiffs pray for judgment as hereafter stated.

### CLAIM FOUR

(Fraudulent Misrepresentation)

32. Plaintiffs incorporate herein all prior paragraphs.

33. Diamond Ranch Academy Academy held itself out to Tracy Sarno and Janet Yelding as a therapeutic school. The Diamond Ranch Academy contract was one of enrollment in a school, not enrollment in a "Residential Treatment Program" for the purpose of behavior modification or rehabilitation. One of the administration requirements is that information provided to parents shall be accurate and factual, Rule 501-2(3). Tyler and Janaye's parents were never advised that each licensed program must have a licensed physician or consulting licensed physician, licensed psychologist, or social worker, or professional counselor, Rule R501-19.

34. Had they known such, it would have alerted them that the purpose of the program was rehabilitative, not solely rehabilitative.

35. Parents are not required by either the Diamond Ranch Academy contract or the State Administrative code to be notified that such a licensed program is a health care provider protected by the Utah Health Care Malpractice Act requiring any legal action to be brought within two years

of its occurrence or the minor's majority, and to comply with prelitigation screening, and to have its damages limited by law.

36. Additionally, the enrollment contract requires the Parent to agree that Diamond Ranch Academy is not liable for any injuries, illness or other damages occurring to the Child during the term of enrollment, including anything resulting from the Child's participating (on or off campus) in programs or activities of the program.

37. Diamond Ranch Academy intentionally and purposely concealed from Tyler and Janaye's parents that it was a state-licensed residential treatment center aimed at rehabilitation so as to be protected by the Utah Healthcare Malpractice Act, and that their waiving any claim against Diamond Ranch Academy was unenforceable on the one hand, and even if enforceable, was protected by the Utah Health Care Malpractice Act's requirements on the other hand.

38. These mislead the placement of Tyler and Janaye at Diamond Ranch Academy on the one hand, and its prospectively seeking in turn to limit this action against it on the other hand.

39. Plaintiffs have sustained financial, mental, and emotional damage by Diamond Ranch Academy's fraudulent concealment and misrepresentation.

WHEREFORE, Plaintiffs pray for judgment as hereafter stated.

## CLAIM FIVE

(Actual and Constructive Fraud)

40. Plaintiffs incorporate by reference all of the above stated allegations and state:

41. None of the above disclosures was made to Tyler or Janaye's parents, the people/agencies recommending the Diamond Ranch Academy program, or available via research at the time.

42. Because adverse facts about Diamond Ranch Academy were true, relevant, and concealed, the parents relied on the absence of the adverse facts, which the Defendants had a duty to disclose.

43. By reason of the failure to make these disclosures to the plaintiffs and their resulting detrimental reliance thereon, Diamond Ranch Academy is guilty of actual and constructive fraud. The misrepresentations, and misrepresentations by silence, and concealment of true adverse facts were made to the parents from the beginning by phone conversations both before and throughout Tyler and Janaye's period of time at Diamond Ranch Academy.

44. These repeated intentional misrepresentations made by Diamond Ranch to the

parents were done in order to induce them to place and maintain Tyler and Janaye at Diamond Ranch Academy.

45. Defendants lied to the parents in promotional and marketing materials which represented Diamond Ranch Academy to be a safe and secure environment, where Tyler and Janaye would be well cared for, and provided a good education, summer camp setting, medical care, and positive, professional therapy/counseling. Defendants' representations were knowingly and actually false.

46. Because all Defendants acted in concert, they are all liable for the misrepresentations alleged herein.

47. Plaintiffs relied on these representations to their detriment; Tyler and Janaye were emotionally and physically harmed at Diamond Ranch Academy and their parents did not receive the quality care, services, and facilities paid for.

48. Upon information and belief, Defendants knew when they made these representations that they were false or at least misleading, and were made to induce the plaintiffs to place and maintain Tyler and Janaye at Diamond Ranch Academy in order to secure significant monthly fees.

49. Upon information and belief, Defendants were aware that their facilities were not

safe; that Tyler and Janaye and the other youth at Diamond Ranch Academy were harmed emotionally, physically, medically, and educationally, by unqualified, controlling, and masochistic staff.

50. Upon information and belief, Defendants were aware that the harm caused to children at these facilities, including the minor plaintiffs so placed, was so grave that were the truth known, the Utah Department of Human Services should have stepped in and shut down Diamond Ranch Academy, but it did not. In fact, it should have and upon information and belief does know that Diamond Ranch Academy is a menace to youth, but it likes the money the behavior modification industry brings into the State of Utah more than the health, welfare, safety, and public policy against child abuse that it is supposed to enforce.

WHEREFORE, Plaintiffs seek judgment as follows:

1. Special damages according to proof.

2. General damages according to proof.

3. Punitive damages according to proof.

4. Such other and further relief to the Court seems just.

Dated: December 3, 2014

/s/

Thomas M. Burton