Gregory J. Sanders, USB No. 2858
Sarah C. Vaughn, USB No. 14615
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, 4th Floor
Salt Lake City, Utah   84111
Telephone: (801) 521-3773
gjsanders@kippandchristian.com
svaughn@kippandchristian.com

### IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TYLER WEBER; TRACY SARNO; JANET YEILDING; and JANAYE KEARNS,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND RANCH ACADEMY, a Utah corporation; and DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:14cv00884<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Magistrate Dustin B. Pead |

Defendant, Diamond Ranch Academy ("Diamond Ranch"), by and through counsel, respectfully submits the Reply Memorandum in Support of Defendant's Motion to Dismiss.

### INTRODUCTION

Plaintiffs' Opposition Memorandum attempts to distract from the application of the Utah Health Care Malpractice Act ("Act") by presenting their own personal opinion regarding what constitutes a health care provider.  Plaintiffs wholly ignore the application of the statute, the broad definition of health care provider as outlined in case law, and the sweeping reach of the Act over all claims arising out of treatment regardless of a "medical

malpractice" title. Despite Plaintiffs' personal opinions surrounding the quality of the care provided, Diamond Ranch is licensed to provide mental health and residential treatment, and in fact did provide that treatment to Plaintiffs, and is entitled to the procedural requirements of the Act.

In the alternative, Plaintiffs' Complaint failed to state claims upon which relief may be granted. Plaintiffs may not simply make vague allegations supported by hyperbolic and conclusory allegations. Instead, Plaintiffs must adequately allege facts sufficient to support each cause of action. They have failed to do so and the Complaint must be dismissed.

I. **THIS COURT LACK SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS**

All claims against Diamond Ranch are subject to the Act. Thus, this Court lacks subject matter jurisdiction. Diamond Ranch provided mental health and residential treatment services to Plaintiffs and their alleged tortious injuries arose therefrom. As clearly recognized by statutory language and case law, the Act covers *any* action against a health care provider "based upon personal injuries relating to or arising out of health care rendered." Utah Code Ann. § 78B-3-403, *Smith v. Four Corners Mental Health Ctr., Inc.*, 2003 UT 23, 70 P.3d 904, 914. Plaintiffs' Complaint includes allegations of false imprisonment, child abuse, fraudulent misrepresentation, and actual and constructive fraud. While the claims lack adequate detail to permit responsive pleadings, each cause of action stems from Plaintiffs' presence in the program and Diamond Ranch's alleged failures in rendering treatment services. Thus, Plaintiffs' injuries arise from the health

care rendered. *See Smith,* 2003 UT 23, 70 P.3d 904, 914 ("[Plaintiff's] allegations that Four Corners failed to adequately provide caseworker services and to prepare and implement his mental health treatment plan all relate to Four Corners' role as a mental health care provider."). Despite the labels Plaintiffs have placed on their causes of action, Plaintiffs claims against Diamond Ranch arise from its role as a health care provider and thus are subject to the Act.

### A. Diamond Ranch Maintains a Valid License to Provide Mental Health and Residential Treatment Services

The very reality is that Diamond Ranch is a licensed by the Utah Department of Human Services to provide "Mental Health and Residential Treatment Services." (*See* Licenses attached as Exh. "A" to the original Memorandum). While Plaintiffs attempt to downplay this license, Diamond Ranch has abided by all administrative requirements and still maintains a valid license. Contrary to Plaintiffs' assertion, "the [Act] makes no mention of the status or origin of the license under which a health care provider operates as a determining factor for inclusion within the [Act]." *Platts v. Parents Helping Parents*, 947 P.2d 658, 663 (Utah 1997).

In *Red Rock Canyon School*, the Utah District Court granted Red Rock's motion to dismiss for failure to comply with the Act. 2005 WL 1501435. Relying on the Act's broad language regarding the definition of a "health care provider" and Red Rocks' license from the State of Utah to provide "residential treatment" the court granted Red Rock's motion. *Id.* In that case, the plaintiff requested "additional discovery to determine whether or not the Red Rock Canyon School qualifie[d] as a health care provider . . . ." *Id.* The court

3

determined it "cannot ignore the legal obligations imputed to Defendant by Utah law [that] unescapably put Defendant in the position of an entity that qualifies as a 'health care provider'" under the act.  *Id.*

In this case, Diamond Ranch is licensed to provide mental health and residential treatment.  This information is well documented on Defendant's website.  Despite Plaintiffs' disagreement with Diamond Ranch's marketing or naming, there is no disputing the legal implications imputed upon Diamond Ranch to comply with its license issued by the State of Utah.  Plaintiffs failed to comply with the requirements of the Act; thus, this Court lacks subject matter jurisdiction.

## II. PLAINTIFFS' COMPLAINT FAILS TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Because Plaintiffs' Complaint fails to state claims upon which this Court can grant relief, Plaintiffs' causes of action must be dismissed. The Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In their Memorandum in Opposition, Plaintiffs correctly note that this rule requires only that a claimant set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs, however, fail to note that, while every fact need not be set forth in a complaint, a complaint must still "give [the] defendant fair notice of the claims against [it]." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991). In this case, Plaintiffs' Complaint fails to meet even this minimal burden.   Moreover, Plaintiffs failed to

present any legal argument supporting their claims for false imprisonment or address the fact that child abuse and neglect is not a civil cause of action.

Plaintiffs' Complaint lacks the specificity necessary to fairly apprise Diamond Ranch of Plaintiffs' claims. For example, Plaintiffs' Complaint fails to specify the time period Plaintiffs were enrolled at Diamond Ranch, fails to identify the Diamond Ranch employees allegedly involved in Plaintiffs' care, the individuals who made the alleged representations to Plaintiffs, where the alleged misrepresentations were made, or how. Moreover, Plaintiffs' Complaint contains several allegations which are in no way attributable to the minor plaintiffs who sought treatment at Diamond Ranch.  For example, paragraphs 13-19 contain factual allegations without indication as to which plaintiff allegedly suffered these injuries.  Paragraphs 21-24 contain absolutely no indication that either minor plaintiff suffered such force. Paragraphs 27-28 contain alleged abuses which the Complaint directly attributes to Diamond Ranch clients not even parties to the Complaint.   The whole of Plaintiffs' Complaint is, instead, a recitation of conclusory statements that fail to provide Diamond Ranch with facts sufficient to fairly apprise it of Plaintiffs' purported claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")

In sum, Plaintiffs' have failed to meet the pleading requirements of Rule 8 and Rule 9 of the Federal Rules of Civil Procedure, and therefore Plaintiffs' Complaint is insufficient to provide Diamond Ranch with fair notice of the facts support Plaintiffs' purported claims.

5

Moreover, Plaintiffs entirely failed to state causes of action for false imprisonment or child neglect. Accordingly, this Court should enter an order dismissing Plaintiffs' Complaint.

## CONCLUSION

For the foregoing reasons, Diamond Ranch respectfully requests this Court dismiss Plaintiffs' claims for lack of subject matter jurisdiction without prejudice. In the alternative, Plaintiffs' claims should be dismissed for failure to state a cause of action upon which relief may be granted as follows: (1) false imprisonment dismissed with prejudice, (2) personal injury dismissed without prejudice, (3) child abuse and neglect dismissed with prejudice, and (4) fraudulent misrepresentation and actual and constructive fraud dismissed without prejudice.

**DATED** this 12TH day of March, 2015.

                KIPP AND CHRISTIAN, P.C.


                /s/ Sarah C. Vaughn
                GREGORY J. SANDERS
                SARAH C. VAUGHN
                Attorneys for Diamond Ranch Academy

## CERTIFICATE OF SERVICE

I hereby certify that on this 12TH day of March, 2015, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** to be e-filed through the United States District Court to the following:

>Thomas M. Burton
>Post Office Box 1619
>Salt Lake City, Utah 8410


                                      /s/ Cheryl Browning